**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Edward De La Cruz, ) | No. CV 08-182-TUC-DCB(HCE) |
| Petitioner, ) | **ORDER** |
| vs. ) |  |
| Robert Stewart, et al., ) |  |
| Respondents. ) |  |

    This matter was referred to Magistrate Judge Hector C. Estrada on August 11, 2008, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On August 12, Magistrate Judge Estrada issued a Report and Recommendation (R&R). (Doc. 36.) He recommends denying the Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court and denies the Petition.

**STANDARD OF REVIEW**

    The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28

U.S.C. § 636(b)(1).  Where the parties object to a R&R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objections are filed, the district court need not review the R&R *de novo*.

This Court's ruling is a *de novo* determination as to those portions of the R&R to which there are objections.  28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*).  To the extent that no objection has been made, arguments to the contrary have been waived.  Fed. R. Civ. P. 72; *see* 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also,* Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objections filed by the Petitioner and the parties' pleadings considered by the Magistrate Judge.

## OBJECTIONS

On September 13, 2010, Petitioner filed Objections to the R&R.  He argues that due to a mistake by the Arizona Court of Appeals clerk, he was prevented from filing a petition in state court and, thereby, in violation of the Due Process Clause to the Constitution, he was denied access to the courts.  The petition he was attempting to file in state court alleged: "(1) appellate counsel was grossly ineffective at [his] evidentiary

- 2 -

1 hearing and it was in the interest of justice that [he] be appointed (new) effective
2 assistance of counsel, and (2) [he] needed the appellate court to review the trial court
3 ruling (3/1/07) which denied appellate counsel's Motion to Withdraw from representation
4 due to 'irreconcilable differences." (Objection at 3.) More specifically, he argues that in
5 the 61-page petition he complained that at the evidentiary hearing held on his First Post-
6 conviction Motion for Relief, filed by appellate counsel, Ms. Little, she failed to
7 subpoena and secure critical testimony for a material eye-witnesses; she failed to
8 challenge an inappropriate case law reference made by the Prosecutor, which precluded
9 calling a material eye-witness; she misrepresented trial testimony; she failed to accurately
10 present the facts, and Petitioner showed that she had a history of misrepresenting facts in
11 a prior petition reply brief. (Objection at 7.)

12 As the Magistrate Judge accurately explained, Petitioner's claim of ineffective
13 assistance of counsel during post-conviction proceedings is not cognizable under 28
14 U.S.C. § 2254. (R&R at 7) (citing 28 U.S.C. § 2254(I)). "'There is no constitutional
15 right to an attorney in state-post conviction proceedings . . .. Consequently, a petitioner
16 cannot claim constitutionally ineffective assistance of counsel in such proceedings.'"
17 (R&R) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)). Likewise, his claim
18 fails that court clerks for the Arizona Court of Appeals and the Arizona Supreme Court
19 violated his due process rights under the Fourteenth Amendment because they rejected
20 documents that he submitted. Errors in the review procedures in state-post conviction
21 proceedings are not addressable through habeas corpus proceedings. (R&R at 8)
22 (citations omitted).

23 The Court finds that the Magistrate Judge properly rejected the Respondent's
24 position that it apply the more generalized statement regarding exhaustion in *Baldwin v.*
25 *Reese*, 541 U.S. 27 (2004), which requires review by the state supreme court, instead of
26 *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999), which specifically addressed
27 Arizona's judicial review procedures and held exhaustion for non-death penalty case is by
28

- 3 -

the court of appeals. (R&R at 8-10, 13-15.) The Magistrate Judge properly found, the Petitioner failed to exhaust his claims of ineffective assistance of counsel associated with the direct appeal because he only filed a Notice of Appeal, with the Arizona Court of Appeals, and failed to file the required supporting petition.

The record reflects that Petitioner failed to exhaust the cognizable claim that counsel was ineffective on his direct appeal because she abandoned his claim of prosecutorial misconduct without informing or consulting him. (R&R at 15.) The remainder of the filings with the Arizona Court of Appeals addressed his non-cognizable allegations of ineffective assistance of counsel during the post-conviction relief proceedings. *Id.* at 15-16.

This Court finds that the record in this case fully supports the Magistrate Judge's conclusion that "Petitioner's claims are precluded from federal habeas review because they are either non-cognizable or procedurally defaulted." (R&R at 19.) Specifically, the following claims are dismissed as non-cognizable: 1) Ground I claims of ineffective assistance of counsel during post-conviction relief proceedings and violation of Fifth Amendment; 2) Ground II in its entirety, and 3) Ground III claim of violation of the Fifth Amendment. The following claims are dismissed as procedurally defaulted: 1) Ground I claim of ineffective assistance of counsel on direct appeal; 2) Ground III claim of false imprisonment, and 3) Ground IV in its entirety. *Id.*

## CONCLUSION

After *de novo* review of the issues raised in Petitioner's Objection, this Court agrees with the findings of fact and conclusions of law made by the Magistrate

/////

/////

/////

1 Judge in his R&R to deny the Petition.  The Court adopts the R&R, and for the reasons
2 stated in the R&R, the Court denies the Petition.

3 **Accordingly,**

4 **IT IS ORDERED** that after a full and independent review of the record, in respect
5 to the Petitioner's objections, the Magistrate Judge's Report and Recommendation (doc.
6 36) is accepted and adopted as the findings of fact and conclusions of law of this Court.

7 **IT IS FURTHER ORDERED** that Petition (doc. 1) is DENIED.

8 **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment
9 accordingly.

10

11 **IT IS FURTHER ORDERED** that Certificate of Appealability and leave to
12 proceed *in forma pauperis* on appeal are DENIED.  Petitioner has not made a substantial
13 showing of the denial of a constitutional right as to the Ground I, II and III claims, which
14 this Court found to be non-cognizable.  The dismissal was justified by a plain procedural
15 bar and jurists of reason would not find the procedural ruling debatable as to the Ground
16 I, III, and IV claims, which the court found procedurally defaulted.

17 **IT IS FURTHER ORDERED** The Clerk of Court shall forthwith notify the
18 parties of the entry of this Order regarding Certificate of Appealability and *In Forma*
19 *Pauperis* Status on Appeal.

20 DATED this 22nd day of September, 2010.

David C. Bury
United States District Judge